GENSLER, Judge ad hoc.
Between 11 and 12 o’clock on July 6, 19S3, on Danneel Street in the 3400 block (the first block uptown from Louisiana Avenue) in New Orleans, Brenda Spillman, a four year old colored girl, sustained physical injuries in an accident with an automobile which was driven by Sylvester C. Burt, an employee of the New Orleans Public Service, Inc., who,-at the time, was operating his car in the course and scope of his employment.
Willie Mae Kennix, plaintiff and duly qualified natural tutrix of Brenda Spill-man, sued on her own behalf and on behalf of her minor child, Brenda Spillman, alleging that the accident was caused by the negligence of Sylvester C. Burt, the driver of the automobile. Plaintiff joined as co-defendant defendant Burt’s employer, the New Orleans Public Service, Inc., and their liability insurer, The Travelers Insurance Company. This suit is for $10,000 damages in behalf of Brenda Spillman, the injured child, and for $604.85 for medical expenses incurred by her mother, Willie Mae Kennix.
It is alleged that- the four year old girl .was on the side porch of the premises bearing the, municipal No. 3417 Danneel .Street, which premises are located on the lake side, i. e., the right side of Danneel •Street proceeding uptown; that Mabel Shelton, the girl’s god-mother, was likewise present together with the mother of the child, and that the god-mother walked along the alley, which ran parallel to the downtown side of said premises, toward Danneel Street, and she testified that she walked across the sidewalk proceeding towards the river; walked between two automobiles parked parallel to the curb, crossed Danneel Street to the opposite sidewalk and turned toward Louisiana Avenue. Shortly after reaching, the sidewalk on the river side of Danneel Street, she heard a “screech” and turned and saw the child, Brenda Spillman, kneeling in the street.
, The plaintiff ■ alleged in her petition that the defendant driver, Sylvester C. Burt, failed to maintain proper control -over his vehicle at and immediately prior to the ■time he. struck the child; secondly, that he failed to maintain a proper lookout at and immediately prior to the time of the said collision; thirdly, that he was exceeding the speed limit of the street in violation of the municipal ordinance, and that this speed was slightly in excess of 20 miles per hour, and, fourthly, that he was operating his vehicle at a speed excessive for the prevailing conditions of this neighborhood, to-wit: a crowded, Negro tenement section with the houses closely adjacent to each other and disposed toward the frequent entry of children in this street.
The plaintiff further alleges that the child, Brenda Spillman, was in the act of crossing from the lake side of Danneel Street to 'the river side of said street and that when she reached approximately the center line of said street, the defendant driver, Sylvester C. Burt, while travelling uptown of in a westerly direction on Dan-neel Street drove the. front right section of his vehicle into the child, causing her to fall to the street pavement and further causing her physical injuries.
The defendants answered denying all material allegations- of fact as to the cause of the accident, alleging that the defendant driver was operating the vehicle at the time of the accident at less than 20 miles per hour, denying that he was guilty of any negligence and claiming that he was operating the vehicle as a reasonably prudent man would do under the circumstances, maintaining a proper look-out, further denying any violation of the municipal traffic ordinance.
The trial court heard the testimony of Mabel Shelton, the god-mother of the child, and also the testimony of the mother of the child and police officers. The Charity Hos.pital record and the New Orleans Police Department accident record were filed in evidence together with photographs of the *75 scene of the accident (taken some time after the accident occurred).
The lower court rendered judgment in favor of defendants dismissing the suit of the plaintiff at plaintiff’s cost and the plaintiff has appealed.
' The testimony is contradictory and uncertain with reference to the exact location of the two or three cars which were parked on the right hand side of.the street. All witnesses agree that there were more than one car parked parallel to the curb on the right hand side of Danneel Street (Dan-neel Street is a one-way street with traffic moving uptown).
Mabel Shelton, the god-mother, testified on more than one occasion during the course of the trial that she walked between two parked cars after walking through the alley and prior to actually reaching the center of Danneel Street; further that the weather was sunny and hot. The record is also cpntradictory with reference to the point of impact of the child with the car.
The defendant driver testified that the weather was clear, that he had stopped in the neutral ground of Louisiana Avenue to permit the passage of an automobile, then proceeded uptown on Danneel Street, maintaining a proper lookout at a speed of some 18 miles per hour, when he heard a thump which he perceived was on his right rear fender, and heard a child scream; that he immediately stopped his car, walked back, and saw the child lying in the street about 8 feet from the rear of his car and to the right.
A study of the record and of the testimony reveals the following facts: That the child ran along the alley and into the street, colliding with the right side of the car at a point between about 18 inches from the right front of the car and the rear fender, and suffered injuries as a result thereof. Whether the cars parked parallel to the curb were so parked that the child ran between two cars and then into the defendant’s car or whether she ran behind the last car (last car meaning the car parked nearest to the direction of Louisiana Avenue) is, in reality, unknown, but the court would conclude from the evidence that she ran between two parked automobiles, following the same general path that Mabel Shelton, her god-mother, had previously taken. Further that the defendant driver was operating his vehicle at not more than 18 miles per hour and that he stopped his car within 8 feet and that he was maintaining control of his car and a proper lookout ahead.
' Truly this is an unfortunate accident but the Court was pleased to read the comments of the trial judge in the record that there was no perceptible limp in the walk of the injured child, she having presumably recovered from her injuries at the time of the trial of this case in the lower court.
Counsel for plaintiff, in effect, limit the issues on appeal to the defendant driver’s failure to see what he could have seen by the exercise of due diligence immediately prior to and at the time of the accident; contending that the child entered the street by passing in the rear of the last car rather than between two parked cars; therefore, the view of the defendant driver of the scene, where the child emerged from the alley onto the sidewalk into the street was unobstructed, giving the driver the last clear chance to avoid the accident after discovery of the apparent peril—
“The doctrine of discovered peril first makes its appearance in Louisiana in Rottman v. Beverly, 183 La. 947, 165 So. 153, 156, in which the Supreme Court held that, although a plaintiff may have negligently gotten himself into a position of danger, still the defendant may be liable if he actually discovered the danger of the plaintiff and had an opportunity to avoid striking him. In that case the Supreme Court said:
“ * * if a plaintiff negligently puts himself in a place of danger and his negligence and danger are actually discovered by the defendant, then there devolves upon the defendant a duty' which intervenes or arises subsequent *76 to the negligent acts of the plaintiff, and that duty is to save the plaintiff from the consequences of his negligent acts if he can. * * * ’ ” Whittey v. Locascio, La.App., 76 So.2d 455, 453.
There were no eye-witnesses to this accident and the only testimony in the record on this question is that of the defendant driver, to the effect that he heard a thump, heard a child scream and then stopped his car. The plaintiff has not proved negligence on the part of the defendant driver.
The defendant driver was operating his car at a most reasonable speed and brought his car to a stop within 8 feet and the child collided with the side of the automobile rather than the automobile colliding with the child. We think that it is very obvious that the defendant driver did all that a reasonably prudent and competent driver could have done, and we see no negligence whatever in him or his actions.
The judgment appealed from is affirmed.
Affirmed.